UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOAB INVESTMENT GROUP LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RAYMOND A. MORENO,<br><br>　　　　　Defendant. | Case No. 14-cv-01614-WHO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. Nos. 7, 8 |

*Pro se* defendant Raymond Moreno has removed plaintiff Moab Investment Group LLC's unlawful detainer action for the second time. Moab has moved to remand the matter. Dkt. No. 7. Having considered the papers submitted, it is evident that this Court has no jurisdiction. Accordingly, this matter is suitable for disposition without further briefing or oral argument and I will VACATE the hearing set for May 28, 2014. I GRANT the motion and remand the case back to the California Superior Court for the County of San Mateo. Since I address the merits of the motion to remand, I also DENY as MOOT Moab's motion to shorten time on the motion to remand. Dkt. No. 8.

Moab initiated this unlawful detainer action in San Mateo Superior Court on October 16, 2013. Dkt. No. 1 at 8. On January 7, 2014, Mr. Moreno removed the case to federal court asserting diversity jurisdiction. *See MOAB Inv. Grp., LLC v. Moreno*, No. 14-cv-92 (N.D. Cal.). On February 6, 2014, Judge Chen remanded the case to state court because: (i) Mr. Moreno's removal was untimely, (ii) there was no diversity of citizenship between the parties and the amount-in-controversy requirement was not satisfied, and (iii) as a citizen of California, he cannot remove on the basis of diversity jurisdiction. *See id.* at Dkt. No. 8 (order granting motion to

remand).

On April 8, 2014, Mr. Moreno removed the *same* state court unlawful detainer case to this court. *See* Dkt. No. 1. In his notice of removal, Mr. Moreno asserts different grounds justifying removal (civil rights violations, denial of due process, and denial of equal protection). However, the removed complaint and the documents supporting the notice of removal are identical to those at issue in his prior removal.

I lack subject matter jurisdiction on the basis of federal question jurisdiction because no federal question is raised in the complaint. "[F]ederal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Conversely, "it is now settled law that a case may not be removed to federal court on the basis of a federal defense." *Id.*

Moab's unlawful detainer action was brought to pursuant to California law and there is no federal question on the face of its complaint. Mr. Moreno's removal would premise subject matter jurisdiction on a defense or counterclaim, but such attempts are not permissible in federal court and are not a proper basis for removal. State court defendants cannot remove an unlawful detainer case to federal court where there is no federal cause of action on the face of the unlawful detainer complaint or the requirements for diversity jurisdiction are not satisfied.

There is no federal diversity jurisdiction because, as Judge Chen explained in his remand order, even assuming the parties are citizens of different states the amount in controversy does not exceed $75,000. *See MOAB Inv. Grp., LLC v. Moreno*, No. 14-cv-92 (N.D. Cal. Jan. 7, 2014) ("[T]he face of the complaint indicates that MOAB is seeking damages of only $106.67 per day (representing the fair rental value for the premises at issue), starting on October 16, 2013. This case would have to be litigated for almost two years for it to exceed the $75,000 threshold. The fact that the property at issue may be worth more than $75,000 is irrelevant.").

Even if there were diversity jurisdiction, remand would still be appropriate because, under § 1441, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section

1  1332(a) of this title [*i.e.*, diversity jurisdiction] may not be removed if any of the parties in interest

2  properly joined and served as defendants is a citizen of the State in which such action is brought."

3  28 U.S.C. § 1441(b)(2).  Mr. Moreno's own papers indicate that he is citizen of California.

4  Removal was therefore improper.

5  Mr. Moreno is advised against further removals of this unlawful detainer case.

## CONCLUSION

This matter is REMANDED to the Superior Court for the County of San Mateo.

**IT IS SO ORDERED**.

Dated: April 24, 2014



WILLIAM H. ORRICK
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOAB INVESTMENT GROUP, | Case Number: CV14-01614 WHO |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| RAYMOND A MORENO et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 24, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raymond A. Moreno
1288 Morningside Ave.
S. San Francisco, CA 94080

Dated: April 24, 2014

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk